■ In the Matter of OAKMERE CEMETERY ASSOCIATION, INC., Respondent, v. CEMETERY BOARD OF THE STATE OF NEW YORK, Appellant. — Judgment of the Supreme Court, Richmond County, dated June 13, 1968, affirmed, without costs and without prejudice to the resolution of any appropriate issues in the corporate dissolution proceeding pending in Supreme Court, New York County. We hold only that the petitioner cemetery corporation has sufficiently proved the necessary factors contained in section 81 (subd. 1, par. [a]) of the Membership Corporations Law, so as to become entitled to Supreme Court approval of its sale of lands which had been dedicated to cemetery use. Beldock, P. J., Christ, Rabin and Kleinfeld, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and deny the application for approval of the sale of cemetery lands, with the following memorandum: Petitioner bought the subject property in 1933, and for 35 years has held it free of taxes without ever trying to develop it for cemetery use. Now that prices for vacant land within New York City have skyrocketed, it seeks to abandon the long-intended cemetery use and sell the land for commercial use, thus reaping a windfall profit at the expense of the public. And, as the record plainly shows, it seeks to do this at a time when there is a crying public need for cemetery land within the city limits. Cemetery corporations traditionally have been nonprofit associations, exempt from land taxes. They hold their property for a public use and operate it as a public trust (L. 1949, ch. 533, § 1; *Grove Hill Realty Co.* v. *Ferncliff Cemetery Assn.*, 7 N Y 2d 403, 410; *Diamant* v. *Mount Pleasant Westchester Cemetery Corp.*, 10 A D 2d 404). Hence, when a cemetery corporation applies to the court for permission to sell its land, it must first establish that the public interest will be served by the sale. Here, the record shows the contrary. Hence, I believe the grant of per-

mission for the sale of this land was an improvident exercise of discretion by Special Term; its judgment should be reversed and the application should be denied.